SWARTZ *v.* FLOWERS ET AL.*

(No. 34291—Decided July 31, 1973.)

Court of Common Pleas of Seneca County.

*Appeal dismissed.

*Mr. Arthur F. Graham,* for plaintiff.
*Mr. Robert L. Holder,* for defendant.

BOZARTH, J. THIS CAUSE came on to be considered upon the complaint of Edward J. Swartz against the defendants herein, the answer of the defendants, the record, including the stipulation of counsel, the medical report of Doctor Avery D. Powell, Exhibits A, B and C, and based upon the same, the court finds that the plaintiff was on the 12th day of December, 1966 while employed at the Tiffin State Hospital here in Tiffin, Ohio injured while at work by the explosion of a rotary sander being used by another employee. The record established that a piece of the sander struck him in the left eye causing a permanent loss of vision, that Doctor Avery D. Powell attended him and fitted him with glasses to assist in correction of the loss of vision. It is stipulated that the plaintiff did not wear glasses before the accident. While the Bureau of Workmen's Compensation permitted the payment of the doctor bill of Doctor Avery D. Powell for treatment and examination, they have refused to pay for the lenses and frames, thus the reason for this appeal.

The reason advanced by counsel for the defendant Bureau of Workmen's Compensation for the non-payment of the lenses and frames is the orders and instructions of the Bureau of Workmen's Compensation, set forth in Exhibit A, which provides in essence that the bureau cannot pay for glasses when the claimant sustains an injury while not wearing glasses and the medical evidence indicates that the eyes now have a disability requiring glasses. This particular rule is based apparently upon Opinions of the Attorney General (1963), 453, No. 418, as set forth in Exhibit B. The court does not agree with the conclusion of the Attorney General of the state of Ohio. In the first instance, the interpretation of R. C. 4123.01 and 4123.66 that the Attorney General seems to find important, no longer applies today because R. C. 4123.01 has been amended, and the amended version excludes any definition of benefits. Hence, we are left with R. C. 4123.54, the pertinent parts of which are as follows:

"Every employee who is injured . . . is entitled to receive from the state insurance fund, such compensation for loss sustained on account of such injury . . . and such medical, nurse, and hospital services and medicines. . . ."

Were this the only section of the Revised Code before the court, the court would have very little trouble in concluding immediately that certainly eyeglasses and frames required because of an injury received at work is certainly a "loss sustained on account of such injury" and compensation is due under the above R. C. 4123.54. There is, however, to be contended with R. C. 4123.66 and what effect that section has on the facts of this case. It is certainly correct that this section would not, in its specific terms, authorize the payment of the eyeglasses unless the injury occurs while the workman is wearing his glasses or he already has an eye condition which the injury causes to become worse. Nothing is said about payment to the workman who has good eyes and whose eyesight is so affected by the injury that he must have glasses for the first time. The court does not agree with the Attorney General that simply because no such statutory provision specifically provides for payment under these conditions that the eyeglasses are not compensable. Were the rule of the Bureau of Workmen's Compensation based upon a definition contained in statutory language, the court would be bound to follow that definition. However, that is not the case here. On the one hand we have general language which seems to include the eyeglasses, and on the other hand we have a statute which specifically treats the payment of eyeglasses but says nothing about payment of eyeglasses in situations similar to the one before the court. Is legislative silence in this area to be taken as legislative intention to exclude payment? The court thinks not. In view of the general language of R. C. 4123.54, the situation is at best ambiguous. It is clear then, as set forth in 50 Ohio Jurisprudence 2d 152, Statutes, Section 176, "that where the court is confronted with a statutory ambiguity, the rules of construction are invoked to ascertain the true legislative intent."

The legislature has not been silent on the construction

to be given to R. C. 4123.01 to 4123.94. R. C. 4123.95, entitled "Liberal construction," provides as follows:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code *shall be liberally construed in favor of employees* . . . ." (Emphasis added.)

This section was added to the statutory laws of Ohio on November 2, 1959 (128 Ohio Laws 743) and is a legislative restatement of a rule of construction that has applied frequently in judicial decisions over the life of the Workmen's Compensation Law. Hence, any slavish adherence to the maxim, *expressio unius est exclusio alterius* would not be proper. As is stated in 50 Ohio Jurisprudence 2d 167, Statutes, Section 189:

"Whether the expression of one of several things in a statute or ordinance is to operate as the exclusion of another is clearly a question of intention to be gathered from the legislature by the usual means and rules of interpretation. The rules should not be carried beyond the reason for its existence. It is to be applied only as an aid in arriving at the legislative intention, and not to defeat it."

It seems to this court anomalous that the legislature would have intended coverage in one instance and not in the other. No such rule has been adopted by the bureau in regard to therapeutic devices nor apparently as to partial dentures.

It is, therefore, ORDERED, ADJUDGED AND DECREED that judgment be, and the same is hereby, granted to the plaintiff against the Industrial Commission, Bureau of Workmen's Compensation and the Tiffin State Hospital and, it is ORDERED that the plaintiff be permitted forthwith to participate in the state Workmen's Compensation fund to the extent of the payment of the eyeglass frames and lenses and that the Bureau of Workmen's Compensation authorize payment in the amount of $43.26 to the plaintiff to cover the lenses and frames, in that the same are legitimate medical expenses sustained on account of the injury. The defendant Bureau of Workmen's Compensation is ORDERED to abide the costs.

*Judgment for plaintiff.*